(No. 90-CC-0156—

MATTIA SABBARA, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Order filed February 1, 1995.*

HARVEY L. WALNER & ASSOC. (LEONARD B. MILLER, of counsel), for Claimant.

JOSEPH P. BUELL, for Respondent.

## ORDER

RAUCCI, J.

This cause coming on to be heard on the Respondent's motion to dismiss pursuant to section 2—619(9) of the Code of Civil Procedure (735 ILCS 5/2—619(9)), the Court being fully advised in the premises, the Court finds:

(1) A prior adjudication against the Claimant in the circuit court of Cook County in the case of *Mattia Sabbara v. Monarch Asphalt Company*, No. 89-L-9703, collaterally estops Claimant from relitigating the issues raised in this case, principally whether the sewer covers constituted a dangerous condition which proximately caused his injuries and whether any failure to warn or barricade the area proximately caused his injuries.

(2) Claimant's circuit court action was against the Respondent's contractor who was constructing or repairing the highway in question. Claimant made substantially the same claims against Monarch that it makes against Respondent in the instant action.

(3) On March 24, 1994, judgment was entered on a jury verdict in favor of Monarch and against Claimant.

(4) The doctrine of collateral estoppel applies when a party participates in two separate cases arising from different causes of action and some controlling fact or question

material to the determination of both causes was decided against that party in the former suit. (*Cleveringa v. J. I. Case Co.* (1992), 230 Ill. App. 3d 831, 847, 595 N.E.2d 1193, 1205.) The determination of a fact or issue in the prior case will, if properly presented, be conclusive of the same question in the subsequent action. (*Housing Authority for LaSalle County v. Young Men's Christian Association* (1984), 101 Ill. 2d 246, 252, 461 N.E.2d 959.) The parties need not be identical in both cases, but the party against whom collateral estoppel is asserted must have been able to litigate the issue. (*Nagy v. Beckley* (1991), 218 Ill. App. 3d 875, 883, 578 N.E.2d 1134.) Collateral estoppel is most frequently asserted by a defendant to preclude relitigation of an issue which the plaintiff had unsuccessfully litigated against a different defendant in another action.

(5) In the instant case, Claimant litigated the same issues against the Respondent's contractor. The negligence alleged against Respondent by Claimant in the construction or repair of the highway is the same negligence alleged against the contractor. The verdict in favor of the contractor precludes relitigation of the same negligence issues against the Respondent.

It is therefore ordered that the Respondent's motion to dismiss pursuant to section 2—619(9) is granted, and this action is dismissed and forever barred.